UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN IVAN RODRIGUEZ,

Petitioner,

-vs-

Case No. 8:16-cv-2992-T-02SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_____/

## ORDER

Mr. Rodriguez, a Florida prisoner, filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (hereinafter "petition") on October 24, 2016, in which he challenges convictions for five counts of DUI manslaughter and five counts of reckless driving, lesser of vehicular homicide, entered in 2005 in Polk County, Florida (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 10), which Mr. Rodriguez opposes (Doc. 13). As discussed below, the petition is timely.

### Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The parties agree that Mr. Rodriguez's judgment of conviction became final on January 23, 2007, ninety (90) days after the appellate court affirmed his convictions on October 25, 2006 (Respondent's Ex. 7). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the AEDPA limitation period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired). The AEDPA limitation period started, and sixty-four (64) days of the period elapsed before it was tolled on March 28, 2007, when Mr. Rodriguez filed his motion for post conviction relief under Rule 3.850, Fla.R.Crim.P. (Respondent's Ex. 9). The limitation period remained tolled until the state appellate court issued its mandate affirming the denial of the Rule 3.850 motion on January 28, 2016. *See Woulard v. Sec'y, Dep't of Corr.*, 707 F. App'x 631, 633 (11th Cir. 2017) ("In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion."); *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007) (AEDPA clock resumed running when state appellate court's mandate issued disposing of the motion for post-conviction relief).[1] Another two hundred seventy (270) days of the limitation period elapsed before Mr. Rodriguez filed his federal habeas petition on October 24, 2016. Therefore, a total of only three hundred thirty-four (334) days of the limitation period elapsed before Mr.

---

[1] In concluding that the petition is untimely, Respondent incorrectly included the time between the dates on which the state circuit court denied the Rule 3.850 motion (initially then after remand) and the dates Petitioner filed his notices of appeal (see Doc. 10, p. 7). *See Evans v. Chavis*, 546 U.S. 189, 141 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.") (citing *Carey v. Saffold*, 536 U.S. 214 (2002)).

Rodriguez filed his federal habeas petition. Accordingly, the petition is timely.

It is therefore **ORDERED** that:

1. Respondent's motion to dismiss (Doc. 10) is **DENIED**.

2. Not later than November 29, 2019, Respondent must file a supplemental response addressing the grounds alleged in the petition. Mr. Rodriguez has thirty (30) days from the date the supplemental response is filed to reply.

3. This action is **ADMINISTRATIVELY CLOSED**. The **Clerk** must re-open this action when briefing is complete.

**DONE AND ORDERED** in Tampa, Florida on September 30, 2019.

WILLIAM F. JUNG
United States District Judge

Copies to: Counsel of Record